**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| John Doe,<br><br>Plaintiff,<br><br>vs.<br><br>Vitamin Cottage Natural Food Markets Inc.,<br><br>Defendant. | ) | Case No. 3:25-cv-16<br><br>**ORDER** |

Plaintiff moves for leave to file his complaint under seal and to use a pseudonym. He claims this action involves matters of a highly personal nature and the disclosure of such matters may subject him to employment discrimination and harassment. (Doc. 1-1).

With his motion, plaintiff attached a proposed sealed complaint and a proposed redacted complaint against Vitamin Cottage Natural Food Markets Inc. (Doc. 1-2; Doc. 1-3). According to the complaint, between 2016 and 2020, plaintiff consumed large amounts of seafood he purchased from several grocery stores including Natural Grocers, which is owned by Vitamin Cottage. Plaintiff alleges the seafood he bought from defendant's store and later ate was contaminated with mercury but lacked label information about mercury levels, warnings of potential health risks, and consumption limits. Plaintiff alleges defendant knew or should have known about the potential health risks related to the consumption of seafood contaminated with mercury and did not properly warn him of those risks. Since 2018, plaintiff alleges he has experienced multiple serious health issues. In 2020, medical testing revealed plaintiff had a higher-than-normal level of mercury in his body. Plaintiff alleges the consumption of the

seafood he bought at defendant's store was the proximate cause of the high mercury levels in his body and of his health issues. Plaintiff alleges claims of negligence, negligent infliction of emotional distress, and breach of implied warranty of merchantability.

**Law and Discussion**

The Federal Rules of Civil Procedure provide every pleading must name all the parties, using the names of the real parties in interest. Fed. R. Civ. P. 10(a) and 17(a). Courts consider Rules 10(a) and 17(a) to establish a strong presumption against the use of pseudonyms. Doe v. Mass. Inst. of Tech., 46 F.4th 61, 67 (1st Cir. 2022); Doe v. Wash. Univ., 652 F. Supp. 3d 1043, 1045 (E.D. Mo. 2023); Luckett v. Beaudet, 21 F. Supp. 2d 1029 (D. Minn. 1998). Although courts disfavor the use of anonymity, the Eighth Circuit recently held a party may proceed under a pseudonym in limited circumstances where a party's need for anonymity outweighs countervailing interests in full disclosure. Cajune v. Indep. Sch. Dist. 194, 105 F.4th 1070 (8th Cir. 2024). The Eighth Circuit established the standard by which a litigant may proceed under a pseudonym:

> "A party may proceed under a fictitious name only in those limited circumstances where the party's need for anonymity outweighs countervailing interests in full disclosure." In weighing these interests, district courts must exercise their discretion in considering the following non-exhaustive list of factors: (1.) whether "the party seeking anonymity was challenging government activity"; (2.) whether "identification threatened to reveal information of a sensitive and highly personal nature"; (3.) whether "a party would be required, absent anonymity, to admit an intention to engage in illegal conduct, thereby risking criminal prosecution; (4.) "the danger of retaliation"; (5.) "whether the party's requested anonymity poses a unique threat of fundamental unfairness to the defendant"; (6.) "whether the public's interest in the case is furthered by requiring that the litigants disclose their identities"; and (7.) "whether there exist alternative mechanisms that could protect the confidentiality of the litigants.

Doe v. Heartland Ivy Partners LLC, No. 24-cv-4347, 2025 WL 26643, at *1 (D. Minn. Jan. 3, 2025) (quoting Cajune, 105 F.4th at 1077) (internal citations removed).

Plaintiff requests to proceed under a pseudonym claiming, "This action involves disclosure of matters of Plaintiff's disabilities and medical records. Such matters are of a highly personal nature, and their disclosure may subject the Plaintiff to employment discriminations and harassment." (Doc. 1-1). Based on the plaintiff's complaint, the court finds the following Cajune factors may be relevant: whether identification would threaten to "reveal information of a sensitive and highly personal nature," whether identification would cause a "danger of retaliation," and whether "alternative mechanisms" exist to address plaintiff's confidentiality concerns.

Neither the Eighth Circuit nor any district courts within the Eighth Circuit have addressed whether the disclosure of medical records meets the "of a sensitive and highly personal nature" factor. District courts within the Eighth Circuit have consistently determined matters involving sexual abuse or sexual acts meet the "of a sensitive and highly personal nature" factor. Doe v. Innovate Fin., Inc, Civil No. 21-1754, 2022 WL 673582, at *3 (D. Minn. Mar. 7, 2022); Doe v. Grinnell Coll., No. 4:17-cv-079, 2017 WL 11646145, at *2 (S.D. Iowa July 10, 2017); Doe v. Univ. of St. Thomas, No. 16–cv–1127, 2016 WL 9307609, at *2 (D. Minn. May 25, 2016). Other courts have found that cases related to birth control, abortion, homosexuality, rights of illegitimate children, and abandoned families are "of a sensitive and highly personal nature." See S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979). The Seventh Circuit has held "the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." Doe v. Blue Cross & Blue

Shield United of Wis., 112 F.3d 869, 872 (7th Cir. 1997). A district court in Kansas determined,

> Disclosure of medical records is part and parcel of judicial proceedings in many types of litigation, for example, Social Security administrative reviews, medical malpractice litigation, and . . . ERISA and welfare benefits claims. If simply raising a medical claim were the standard, then anonymity would become the rule and not the exception.

Doe v. Atchison Hosp. Ass'n, No. 17-2664, 2018 WL 324259, at *2 (D. Kan. Jan. 8, 2018).

Nor has the Eighth Circuit addressed whether potential subjection to employment discrimination or harassment meets the “danger of retaliation” factor. A district court in the Southern District of Indiana considered potential employment loss as it relates to proceeding anonymously. Doe v. Trustees of Ind. Univ., 577 F. Supp. 3d 896, 905 (S.D. Ind. 2022). In Trustees of Ind. Univ., the plaintiff argued if the court required him to reveal his identity, his future career prospects could be significantly affected, and he could suffer loss of career opportunities and future earnings. Id. The court determined, “Ultimately, Plaintiff's concerns in this case are centered upon his economic well-being and possible embarrassment or humiliation, but courts have generally rejected attempts to proceed under fictitious names based solely on such concerns.” Id. (internal quotations omitted).

Although the Eighth Circuit has not discussed alternative mechanisms to protect confidentiality, the District of South Dakota recently stated, “Other mechanisms that exist include redaction of documents and/or sealing, protective orders, and confidentiality agreements.” Doe v. Frontier Lodging of Spearfish, L.L.C., No. 5:24-cv-05076, 2025 WL 315906, at *3 (D.S.D. Jan. 28, 2025) (quoting Doe v. Townes, 19-cv-8034, 2020 WL 2395159, at *6 (S.D.N.Y. May 12, 2020)).

Relying on the aforementioned case law, this court finds plaintiff's claims do not meet the "of a sensitive and highly personal nature" or the "danger of retaliation" factors weighing in the favor of anonymity. Plaintiff's asserted need for anonymity is outweighed by the public interest in full disclosure. Therefore, plaintiff's motion to proceed under a pseudonym is **DENIED**. Additionally, this court finds the sealing of any medical records is an appropriate alternative mechanism to protect plaintiff's confidentiality. The court will also order that the defendant not disclose plaintiff's medical records except to defendant's counsel.

Plaintiff's motion for leave to file his medical records under seal is **GRANTED**. The Clerk is directed to publicly file the proposed complaint and exhibits A, B, and C, file under seal exhibit D, and to issue a summons.

**IT IS SO ORDERED**.

Dated this 31st day of March, 2025.

*/s/ Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge